IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH E. CAPOGRECO,

    Petitioner,                   No. 2:12-cv-1717 KJM KJN P

    vs.

FRED FOULK, WARDEN, HIGH        ORDER AND
DESERT STATE PRISON,[1]
                                                FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

I. Introduction

        Petitioner is a state prisoner, proceeding without counsel, with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondent's motion to dismiss the pending habeas petition on the ground that petitioner failed to allege any cognizable federal habeas claims.  For the reasons set forth below, the undersigned recommends that respondent's motion be granted, and that petitioner's claims be dismissed without prejudice.

////

---

[1] The Warden at High Desert State Prison is substituted as respondent in place of the California Department of Corrections and Rehabilitation ("CDCR").  Rule 2(a), 28 U.S.C. foll. § 2254.

1

II. Legal Standards - Motion to Dismiss

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Respondent's pending motion to dismiss is brought pursuant to Rule 4.

A federal writ of habeas corpus is available under 28 U.S.C. § 2254 "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). However, a writ of habeas corpus is also available to attack future confinement and obtain future releases. See id. at 487-88 ("So, even if restoration of . . . [the prisoners'] good-time credits had merely shortened the length of their confinement, rather than required immediate discharge from that confinement, their suits would still have been within the core of habeas corpus in attacking the duration of their physical confinement itself.").

III. Impact of Prison Disciplinary on Duration of Confinement

Respondent contends that no cognizable claim for federal habeas relief has been stated because petitioner is serving life without the possibility of parole, and thus the prison disciplinary will not affect the fact or duration of petitioner's confinement. In his opposition, petitioner contends that the prison disciplinary incurred at High Desert State Prison increased his classification points, which increased his security level and affected his placement, and denied him other unidentified privileges.[2] (Dkt. No. 16 at 1.) Petitioner also claims he was adversely transferred, resulting in the reduction of his privilege group, which included canteen, yard, and

---

[2] Petitioner states that these privileges are set forth in the prison disciplinary under "findings." (Dkt. No. 16 at 1.) However, the record does not contain a copy of the prison disciplinary at issue in petitioner's first three claims.

1 other privileges. (Id. at 1-2.) Petitioner also contends that the disciplinary will affect his efforts
2 to obtain a sentence reduction from life *without* the possibility of parole to life *with* the
3 possibility of parole. Once petitioner files for the sentence reduction, petitioner argues that his
4 entire disciplinary history will be reviewed, and the instant prison disciplinary "may cause [him]
5 to be denied a sentence reduction and [denial] of parole." (Dkt. No. 16 at 2.)

6       A state prisoner is entitled to habeas corpus relief under 28 U.S .C. § 2254 only if
7 he is held in custody in violation of the Constitution, laws, or treaties of the United States. 28
8 U.S.C. § 2254(a). "According to traditional interpretation, the writ of habeas corpus is limited to
9 attacks upon the legality or duration of confinement." Crawford v. Bell, 599 F.2d 890, 891 (9th
10 Cir. 1979) (citing Preiser, 411 U.S. at 484-86). Where a successful challenge to a prison
11 condition will not necessarily shorten the prisoner's sentence, a civil rights action under 42
12 U.S.C. § 1983 is proper and habeas jurisdiction is absent. See Ramirez v. Galaza, 334 F.3d 850,
13 859 (9th Cir. 2003). Accordingly, a prisoner seeking expungement of a disciplinary finding from
14 his record may trigger the court's habeas jurisdiction only if expungement is likely to accelerate
15 the prisoner's eligibility for parole. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see
16 also Docken v. Chase, 393 F.3d 1024, 1030 n .4 (9th Cir. 2004).

17       Here, petitioner concedes that he is serving a sentence of life without the
18 possibility of parole. (Dkt. No. 16 at 1.) Petitioner has not yet filed a motion to reduce his
19 sentence. (Id. at 1-2.) All of the consequences identified by petitioner pertain to conditions of
20 confinement, rather than to duration of confinement, with the exception of petitioner's argument
21 that the prison disciplinary may impede his ability to obtain a sentence reduction, or, in the event
22 he wins a sentence reduction, may result in the denial of parole. However, such an argument
23 concerning his sentence is too speculative to provide habeas jurisdiction given petitioner's
24 present sentence of life without the possibility of parole. See Nguon v. Walker, 2011 WL
25 3501011, at *8, n.4 (E.D. Cal. Aug. 8, 2011) (observing that under some circumstances the
26 impact of a challenged disciplinary conviction upon future parole suitability consideration "is

simply too speculative to base federal habeas jurisdiction upon.") At the present time, petitioner is imprisoned for life without the possibility of parole. Because petitioner is not eligible for parole consideration, the prison disciplinary has no likely or potential effect on the duration of petitioner's confinement. See Dalcorobbo v. Mathy, 2008 WL 4491960, *1-2 (C.D. Ill. Sept. 30, 2008) (where prisoner is serving a sentence of natural life without the possibility of parole, any habeas ruling would have no impact on the fact or duration of the prisoner's confinement).

Because petitioner has not demonstrated that success here would have an impact on the length of his sentence, the motion to dismiss should be granted. See Ramirez, 334 F.3d at 859 ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

IV. Petitioner's Claim Identified as Second "Ground Three"

On the next to last page of the petition, petitioner included a second "ground three," which is unrelated to his first three claims. (Dkt. No. 1 at 11.) Petitioner argues that the CDCR is "illegally withholding reports concerning a non-confidential investigation." (Dkt. No. 1 at 11.) Petitioner contends that while he was housed in Salinas Valley State Prison, his cellmate accused petitioner of rape. Despite being cleared of the charges, however, petitioner contends that the CDCR refuses to provide petitioner with any reports concerning the incident, even though no confidential information was used. (Id.)

Neither party specifically addressed this claim in the briefing on the motion to dismiss.

As set forth above, a habeas corpus petition is the exclusive remedy for challenging the fact or duration of confinement. Preiser, 411 U.S. at 498-99.

Because petitioner's claim identified as a second "ground three" does not challenge the fact or duration of his confinement, it fails to state a cognizable habeas claim and should also be dismissed.

////

V.  Leave to Amend

The court has discretion to construe petitioner's claims as a complaint under 42 U.S.C. § 1983.  See Willwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006).  However, provisions of the Prison Litigation Reform Act of 1995 ("PLRA") may make it inappropriate to construe a habeas petition as a civil rights complaint.  Due to the PLRA's filing fee requirements, its provisions requiring *sua sponte* review of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis,[3] a prisoner should not be obligated to proceed with a civil rights action unless the prisoner clearly wishes to do so.  See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e; Bunn v. Conley, 309 F.3d 1002, 1007 (7th Cir. 2002) (stating that courts should not recharacterize nature of prisoner's claim because PLRA and AEDPA created "pitfalls of different kinds for prisoners using the wrong vehicle").  Thus, it is recommended that petitioner's claims be dismissed without prejudice instead of converting the claims into a 42 U.S.C. § 1983 action, or allowing petitioner to file a civil rights complaint in this action.

VI.  Conclusion

IT IS HEREBY ORDERED that the Warden at High Desert State Prison is substituted as respondent in place of the CDCR; and

IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (dkt no. 9) be granted; and

2. The petition (dkt. no. 1) be dismissed without prejudice.

---

[3] According to the court's electronic case files, petitioner has filed eight civil rights cases in the Eastern District of California:  Case Nos. 2:86-cv-0350 EDP; 2:86-cv-0784 MLS; 2:92-cv-2149 LKK GGH; 2:99-cv-1481 DFL JFM; 2:00-cv-1951 LKK GGH; 2:05-2141 LKK GGH; 2:10-cv-2907 KJN; and 2:11-cv-3218 EFB.

1    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 12, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

capo1717.mtd